978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Shirley POISL, Personal Representative of the Estate of Roy
E. Holmes, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-1080.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 21, 1992.
Decided Nov. 4, 1992.
 
 1
 Before CUDAHY, and EASTERBROOK, Circuit Judges, and HUBERT L. WILL, Senior District Judge*.
 
 Order
 
 2
 The Tax Court concluded that Roy Holmes owned most of his family's farm at his death in 1985, and that the remainder had been given to his daughter in 1982 and 1983. This made the entire value part of the estate, which received credit for the gift tax paid on the transfers. Shirley Poisl, sole beneficiary of the will and administrator of her father's estate, contends that the farm was given to her in 1952 (when she moved in with her father's permission) or passed to her by adverse possession; in either case the value of the farm would not be subject to the estate tax.
 
 
 3
 The Tax Court concluded that the absence of documentary evidence of any transfer in 1952, plus the documented transfers in the 1980s (and the fact that Poisl listed the remaining parcels as assets of the estate), supported an inference that no transfer occurred in 1952. That finding is not clearly erroneous. Although Poisl contends that the value of the improvements made to the farm (including a new house) shows that she must have been the owner--why else spend so much money?--the Tax Court was not bound to draw that inference. It could, and did, conclude that Poisl and her husband carried out the improvements to make the farm more productive and have a nicer place to live. Many a tenant makes expensive improvements in the leasehold. Poisl expected to inherit the farm and did, so the improvements were a reasonable investment both in anticipation and in hindsight. Sometimes a landlord charges lower rent if the tenant agrees to make improvements; Roy Holmes charged the Poisls no rent (although they took care of him after he moved in with them).
 
 
 4
 At oral argument counsel for Poisl insisted that the suit filed in 1952 to evict Roy Holmes' tenant shows that title had passed by then. According to counsel, Shirley Poisl filed suit in her own name as owner rather than as agent of her father. No such argument appears in the brief, and it is therefore waived. The observation in the brief that Roy Holmes told Poisl that she could move in if she could remove his tenant omits the contention that in filing suit Poisl represented herself as the owner. Nothing in the record suggests that such an argument was made in the Tax Court, either. Raising the point at oral argument on appeal is too late. So, too, the argument that the taxable value of the estate should be adjusted to deduct the value of the improvements is waived, for it was not made in the Tax Court.
 
 
 5
 The Tax Court's comprehensive opinion addresses the remaining issues. We add only that if, as Poisl insists, Wisconsin's law prevented her from farming the woodland parcel, that does not aid the estate's quest for the special use valuation under 26 U.S.C. § 2032A. Congress permitted a lower valuation of parcels put to a "qualified use" for five of the eight years preceding death. By and large, that means farming. The woodland parcel was not being farmed, even under a definition of "farming purposes" that includes "the planting, cultivating, caring for, or cutting of trees" and the "preparation ... of trees for market." 26 U.S.C. § 2032A(e)(5)(C). The Poisls did none of these things on the parcel, not even "caring for" the trees then growing (as by clearing underbrush). State law may explain why the Poisls acted as they did, but the federal law does not make the special valuation available whenever the parcel is being cultivated "or there is a good reason why not"; the special use valuation depends on actual farming.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Of the Northern District of Illinois, sitting by designation